■ In the Matter of the Probate of the Will of HELEN E. FOULDS, Deceased. NEW YORK TRUST COMPANY et al., Respondents-Appellants, JANE B. BROGAN et al., Respondents. SAMUEL E. HARWITZ, Appellant.— Order reversed and application denied (*Matter of Schell*, 277 App. Div. 922), with costs to each party filing briefs, payable from the estate. Bergan, P. J., Coon, Reynolds and Taylor, JJ., concur.

■ In the Matter of the Claim of LILA SCHMEISER, Respondent, v. FRANCES WNUK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was injured while in the course of her employment with the uninsured employer. The issue is whether she was at the time of injury in covered employment. The Workmen's Compensation Board has found that the employment was covered. Claimant answered an advertisement in a newspaper in which appellant employer offered employment to "Woman to take care of 7 year old girl. Mother alone who goes out to work in exchange for room and board". Appellant argues that this is employment as a governess and not as a "domestic worker" within the definition of that term in section 3 (subd. 1, group 12) of the Workmen's Compensation Law, effective in cities of 40,000 or more. It is not necessary in this case to reach the question whether a person employed solely as a governess for a child is a "domestic worker" in all circumstances. The record here is open to the construction that claimant regularly performed housework and was paid a weekly wage in addition to board and room. Claimant testified that she made the employer's breakfast in the morning, washed the dishes, served dinner, did the dusting every day, washed the stove, and saw that the kitchen was clean. She was asked "Were you told to do the cooking?" and she answered, "I certainly was." We see nothing incredible about claimant's version; it presented a question of fact which the board resolved in claimant's favor. Appellant was not prejudiced by the proceedings before the Referee or the board. Award unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.

■ DORIS R. BUTLER, Respondent, v. HEBER F. BUTLER, Appellant.— Order unanimously affirmed, with $10 costs. No opinion. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.